**FILED & ENTERED**

AUG 02 2018

**CLERK U.S. BANKRUPTCY COURT**
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>AMANUEL DEVON BROOKS,<br><br>　　　　　　　　　　　　Debtor. | Case No. 2:17-bk-15655-RK<br><br>Chapter 7<br><br>Adv. No. 2:18-ap-01161-RK<br><br>**ORDER REMANDING REMOVED UNLAWFUL DETAINER ACTION, CASE NUMBER 18VEUD00857, TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, VAN NUYS COURTHOUSE EAST, AND CONFIRMING THE AUTOMATIC STAY DOES NOT APPLY IN THE UNLAWFUL DETAINER ACTION** |
| LJ PROPERTIES INC., A Calif. Corp.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ZIAPONE LUCKETTE,<br><br>　　　　　　　　　　　　Defendant. | Hearing Date:　July 10, 2018<br>Time:　　　　　1:30 p.m.<br>Courtroom:　　1675 |

　　　Debtor Amanuel Devon Brooks ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing this bankruptcy case, Case No. 2:17-bk-15655 RK, Chapter 7, on May 8, 2017. On May 29, 2018, Ziapone Luckette,

-1-

1  representing himself/herself, filed in this bankruptcy case a document entitled
2  "Removed from Los Angeles Superior Court of California Case No.: 18VEUD00857"
3  ("Notice of Removal"), which commenced this adversary proceeding, which was
4  assigned adversary proceeding number 2:18-ap-01161 RK.  Mr./Ms. Luckette attached
5  a copy of a summons and complaint relating to an unlawful detainer complaint
6  ("Complaint") filed in the Superior Court of California, County of Los Angeles, Unlawful
7  Detainer Division, Van Nuys Courthouse East, naming him/her as the defendant.  The
8  Complaint indicates that Mr./Ms. Luckette is in possession of premises located at 13309
9  Woodridge Street, #105, Sherman Oaks, CA 91423 ("Property").  The Complaint does
10 not refer to Debtor Amanuel Devon Brooks.
11         Debtor did not list the Property in his bankruptcy petition or schedules filed in this
12 bankruptcy case.  There is no indication that Debtor has any interest in the Property.
13         This adversary proceeding came on for hearing in a status conference before the
14 undersigned United States Bankruptcy Judge on July 10, 2018 pursuant to the court's
15 Order for Status Conference entered on May 29, 2018 (Adversary Proceeding, Docket
16 No. 2).  The removing party, Ziapone Luckette, did not appear as required by the Order
17 for Status Conference.
18         However, Debtor appeared at the status conference on July 10, 2018 by his
19 attorney, Dana Douglas.  Ms. Douglas told the court that she had asked her client,
20 Debtor, about the unlawful detainer action, the subject of this adversary proceeding, and
21 she said that Debtor told her that he did not know who this person, Ziapone Luckette,
22 was and that he did not know why this person was using his bankruptcy case.
23 Although Debtor's bankruptcy case is listed in the caption of the Notice of Removal, the
24 record before this court in the papers, Debtor's bankruptcy petition, and the
25 representations of Debtor's counsel on behalf of Debtor, indicates that there is no
26 relationship of the connection between Debtor or his bankruptcy case and the unlawful
27 detainer action involving a different person, Ziapone Luckette.  The Complaint which is
28 attached to the Notice of Removal is an unlawful detainer complaint filed in state court

only involves the landlord plaintiff LJ Properties, Inc. and the tenant defendant Ziapone Luckette, who do not have any connection to Debtor and his bankruptcy case.

The removing party, Mr./Ms. Luckette, appears to this court to be exploiting this bankruptcy case for his/her personal purposes which have nothing to do with this bankruptcy case. See *In re Dorsey*, 476 B.R. 261, 267-268 (Bankr. C.D. 2012) (A bankruptcy case is a "hijacked case," in which, unbeknownst to debtor, a nondebtor party transferred property to debtor to take advantage of the stay arising in debtor's bankruptcy case and to prevent a creditor from foreclosing on the property.).

28 U.S.C.§ 1452 provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

As stated by the Bankruptcy Appellate Panel of the Ninth Circuit, 28 U.S.C. § 1452(b) "gives the bankruptcy court a broad grant of authority to remand a previously removed claim for relief 'on any equitable ground.'" *In re Cedar Funding, Inc.*, 419 B.R. 807, 820 (9th Cir. BAP 2009). The court may on its own motion pursuant to 11 U.S.C. §1452(b) remand a case to state court removed in bad faith with the intent to disrupt an ongoing civil trial in state court. *In re Bisno*, 433 B.R. 753, 758-759 (Bankr. C.D. Cal. 2010).

Based on the court's own motion, pursuant to its authority of equitable remand under 28 U.S.C. § 1452(b), the court remands the subject of this adversary proceeding, the unlawful detainer action removed from the Superior Court of California, County of

Los Angeles, Unlawful Detainer Division, Van Nuys Courthouse East, back to that court because based on this record, there is no connection between the removed state court action and this bankruptcy case and based on the removing party's failure to appear at the July 10, 2018 status conference, which facts indicate that the removal of the state court action was in bad faith and an abuse of the bankruptcy system in order to hinder and delay the pending unlawful detainer action against the removing party which action has no relationship to Debtor and this bankruptcy case.

The court also on its own motion confirms that the automatic stay in this bankruptcy case does not apply to the remanded unlawful detainer action pursuant to 11 U.S.C. § 362 and 11 U.S.C. § 105(a) because there is no relationship between Debtor and the removed unlawful detainer action and that the unlawful detainer action was improperly removed from the state court to this bankruptcy court in Debtor's bankruptcy case.

IT IS HEREBY ORDERED that the unlawful detainer action, Case Number 18VEUD00857 is REMANDED back to the Superior Court of California, County of Los Angeles, Unlawful Detainer Division, Van Nuys Courthouse East, , and that this court confirms that the automatic stay in this bankruptcy case does not apply to the unlawful detainer case of LJ Properties, Inc., v. Ziapone Luckette, Case Number 18VEUD00857.

The Clerk of this court is authorized and directed to serve a copy of this order on the Superior Court of California, County of Los Angeles, Unlawful Detainer Division, Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, California  91401

IT IS SO ORDERED.    ###

Date: August 2, 2018

_____
Robert Kwan
United States Bankruptcy Judge